UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

v.

DARIN JEROME FRENCH,

Defendant.

Case No. 3:08-cr-0006-LRH-WCG

ORDER

Before the court is defendant Darin Jerome French's ("French") second or successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 447. The United States filed an opposition (ECF No. 451) to which French replied (ECF No. 452).

**I.     Facts and Procedural Background**

On April 29, 2009, French, along with his then-wife and co-defendant Jennifer Lynn, was charged in a superseding indictment with thirty-two (32) counts of mail fraud in violation of 18 U.S.C. § 1341; twenty-five (25) counts of wire fraud in violation of 18 U.S.C. § 1343; three (3) counts of money laundering in violation of 18 U.S.C. § 1957; and one (1) count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1) for his participation in an alleged scheme to defraud customers of his on-line appliance business. ECF No. 60.

After a nine-day jury trial, French was convicted of twenty-two (22) counts of mail fraud in violation of 18 U.S.C. § 1341; eleven (11) counts of wire fraud in violation of 18 U.S.C. § 1343; and three (3) counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(1)

and 1957. ECF No. 269. French was then sentenced to one hundred and fifty (150) months incarceration. ECF No. 317.

French appealed both his conviction and sentence. ECF No. 318. On October 12, 2012, the Ninth Circuit reversed two of French's convictions for money laundering, but affirmed the remaining thirty-four (34) counts of conviction as well as the one hundred and fifty (150) month sentence. *See United States v. French*, 494 Fed. Appx. 784 (9th Cir. 2012). Subsequently, French filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 402) which was denied by the court on December 9, 2014 (ECF No. 429). Thereafter, more than a year and a half later, French filed the present second or successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 447.

**II.     Discussion**

Title 28 U.S.C. § 2255 provides the exclusive procedural mechanism through which a federal prisoner may challenge his sentence. *See Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). Under Section 2255, a petitioner may file an initial motion to vacate, set aside, or correct a sentence without seeking leave of court. However, prior to filing a second or successive motion, a petitioner must obtain authorization to file the second or successive petition from the court of appeals for the circuit in which the original sentencing court sits. 28 U.S.C. § 2255(h)(2).

Here, French has not obtained authorization from the Ninth Circuit to file the present second or successive motion. Therefore, this court is without jurisdiction to address the merits of the underlying motion and shall deny the motion accordingly. *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (holding that failure to request authorization from the appropriate court of appeals prior to filing a second or successive motion pursuant to 28 U.S.C. § 2255 deprives the district court of jurisdiction to hear the second or successive motion).

///

///

///

///

1       IT IS THEREFORE ORDERED that defendant's second or successive motion to vacate, set-aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 447) is DENIED.

      IT IS SO ORDERED.

      DATED this 28th day of October, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE